## (December 22, 1947.)

In the Matter of the Probate of the Will of CHICO SCHNEIDER, Deceased. RITA A. MAHOOL et al., Appellants; LISA P. SCHNEIDER et al., Respondents.

*Per Curiam.* The record contains no evidence of undue influence, unless there was an absence of testamentary capacity. After a thorough study and analysis of the evidence which was introduced at the trial before the Surrogate, this court finds that the instrument propounded for probate, bearing date on the 3d day of June, 1945, was duly executed by the testator and attested in the manner required by section 21 of the Decedent Estate Law, that it was his own free act and deed, that the testator possessed testamentary capacity and was not subject to undue influence at the time of the execution thereof, and that it is his last will and testament (cf. Surrogate's Ct. Act, § 309).

The decree of the Surrogate should be reversed, with costs and disbursements to the appellants payable out of the estate, and the will should be admitted to probate in accordance with the prayer of the petition therefor and the matter remitted to the Surrogate for further proceedings in accordance with this opinion.

The appeal from the order denying a new trial should be dismissed.

SHIENTAG, J. (dissenting). A will procured under the circumstances under which this will was procured should be carefully scrutinized by the court. In our opinion the evidence amply supports the finding of the trial court of · a lack of testamentary capacity to make the will offered for probate. As we read the record, it clearly appears, moreover, that the testator was so enfeebled physically and mentally as to be unable to resist the improper and unlawful influence exerted upon him to make the will in controversy. Consequently, the purported will was not in fact or in law the will of the testator.

The most that can be said is that the case is one involving questions of credibility. That being so, an appellate court should not interfere with the judgment of the trier of the facts when there is sufficient evidence to support his findings. " Face to face with living witnesses the original trier of the facts holds a position of advantage from which appellate judges are excluded. In doubtful cases the exercise of his power of observation often proves· the most accurate method of ascertaining the truth." (*Boyd* v. *Boyd,* 252 N. Y. 422, 429.)

Accordingly I dissent and vote to affirm the decree of the Surrogate's Court denying probate and the order ·denying the motion for a new trial.

Peck, P. J., Glennon and Van Voorhis, JJ., concur in *Per Curiam* opinion; Shientag, J., dissents and votes to affirm the· decree denying probate and the order denying the motion for a new trial, in an opinion in which Dore, J., concurs.

Decree reversed, with costs and disbursements to appellants payable out of the estate, and the will admitted to probate in accordance with the prayer of the petition therefor and the matter remitted to the Surrogate for further proceedings in accordance with opinion *Per Curiam*. Appeal from order denying the motion for a new trial dismissed. Settle order on notice.